IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD ROGERS-COXHEAD, individually
and on behalf of all those similarly situated,

                      Plaintiff,                OPINION AND ORDER

   v.

                                               16-cv-706-wmc

GLASS NICKEL PIZZA CO. d/b/a
MADISON'S DOUGH BOYS, INC.,

                      Defendant.

---

Plaintiff Chad Rogers-Coxhead brings this putative class action on behalf of himself and others similarly situated, alleging that defendant Glass Nickel Pizza Co., which also does business as Madison's Dough Boys, Inc., required delivery drivers to participate in an unlawful tipping pool with one or more non-tipped employees at defendant's East Madison restaurant location. As a result, plaintiff claims that he and the other drivers were wrongfully deprived of their minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Wisconsin state law.

Presently before the court are the parties' joint motion for preliminary approval of a class action settlement agreement (dkt. #16) and joint stipulation for class certification under Federal Rule of Civil Procedure 23 (dkt. #17). The court will grant both motions and set a fairness hearing for 1:00 p.m. on November 30, 2017.

## BACKGROUND

Plaintiff filed this collective and class action on October 26, 2016. Specifically, plaintiff claims that Glass Nickel delivery drivers were paid an hourly wage below the

minimum wage of $7.25 per hour, with an expectation that they would make up the difference in tips. According to the complaint, however, drivers were required to pool their tips, with a portion going to dishwashers, who were non-tipped employees. This practice, plaintiff claims, deprived Glass Nickel delivery drivers of a lawful minimum wage, in violation of the FLSA and Wisconsin state law. (Compl. (dkt. #1.)

Defendant answered the complaint on December 8, 2016, denying both that it operated a so-called "tip pool" and that any of its tip-sharing arrangements or other pay practices violated federal or state wage and hour law. (Answ. (dkt. #8).) Shortly after the parties jointly filed their Rule 26(f) pretrial report, formerly named co-plaintiff Shaun Taliaferro reached a settlement and accepted defendant's offer of judgment. (Dkt. #10.) He was terminated from the case on January 19, 2017.

After engaging in settlement discussions mediated by Magistrate Judge Peter A. Oppeneer in February and March, the remaining named plaintiff, Rogers-Coxhead, and defendant notified the court that they, too, had reached a settlement agreement on April 6, 2017. The parties subsequently submitted a joint motion for preliminary approval of class action settlement agreement (dkt. #16) and joint stipulation for class certification under Federal Rule of Civil Procedure 23 (dkt. #17), along with a jointly signed brief and declarations of counsel supporting both. (Dkts. ##18-20.)

The parties agreed to stipulate to the certification of their proposed class for settlement purposes only. The parties agree to set aside a total class settlement fund of "up to $200,000." Among other things, the parties further agree that:

- The settlement fund will be allocated as one-third FLSA damages and two-thirds state law damages;

- putative FLSA class members will be given an opportunity to opt into the FLSA settlement;

- all class members shall receive settlement funds for state law damages unless they exclude themselves from the settlement;

- funds set aside for individuals who exclude themselves from the state law settlement, do not opt into the FLSA settlement, or do both, shall revert to the defendant;

- unclaimed funds shall be paid to the University of Wisconsin Law School's Economic Justice Institute;

- counsel will petition the court for reasonable attorneys' fees and costs from the settlement fund, and may request an amount not to exceed $66,666.67;

- an "enhancement payment" of $10,000 will be made to Chad Rogers-Coxhead, as the named plaintiff; and

- any unapproved requests for attorneys' fees, costs and other payments will be reallocated to the participating settlement class members.

(Joint Br. (dkt. #18) at 3-4.)

The parties believe that these terms, which counsel attest were reached through arm's length negotiations following mediation, will provide all participating class members a substantial benefit.  The parties estimate that the average claim value for a

participating class member will be approximately $2,000.  (*Id.* at 6.)  Additional and more detailed terms are set forth in the parties' settlement agreement.  (Dkt. #16-1.)

ORDER

## I.  Preliminary Settlement Approval

1.    Based upon the court's review of the parties' joint motion for preliminary approval of class action settlement agreement (dkt. #16), as well as their brief in support and other materials submitted in connection with the motion, preliminary approval of the proposed settlement is GRANTED because the proposed settlement appears "within the range of possible approval," *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); and it appears to have been reached as a result of vigorously-contested litigation to resolve bona fide disputes, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (l1th Cir. 1982).

2.    The court further finds that the proposed settlement appears to be the result of extensive, arm's-length negotiations by counsel, who were well-versed in the prosecution and defense of wage-and-hour class action lawsuits.

3.    For these reasons, the court is satisfied that the settlement is facially reasonable, but it will scrutinize counsel's application for attorneys' fees when the time comes for final approval of the settlement.  Specifically, the court may use counsel's hourly billing records and rates as a factor in determining an appropriate fee award.

## II.  Certification of the Rule 23 Class and FLSA Collective Action

4.  For settlement purposes, the court certifies the following class under Fed. R.

Civ. P. 23(e) (the "Class"):

> All persons who were employed as delivery drivers by
> Madison's Dough Boys, Inc. d/b/a Glass Nickel Pizza Co., at
> its Atwood Avenue location, at any time between October 26,
> 2013, and July 3, 2016.

(Joint Stip. (dkt. #17) ¶ 4.)

5.  The Class meets all of the prerequisites for certification under Fed. R. Civ. P.

23(a) because:

    a)  the Class is so numerous as to make it impracticable to join all members;

    b)  the Class members share common issues of fact and law, including:

        i.  whether defendant maintained a common practice and policy of
requiring delivery drivers to share tips with dishwashers;

        ii.  whether defendant's tip sharing arrangement including dishwashers
was valid under federal and state law and regulations;

        iii.  whether the Class members was denied wages as a result of
defendant's tip sharing arrangement; and

        iv.  the proper measure of damages sustained by the Class members.

    c)  the claims of the named plaintiff, Chad Rogers-Coxhead, are typical of
the claims of the Class members with respect to the alleged actions and
violations outlined in the complaint; and

      d)   named plaintiff's interests are not antagonistic to the Class members' interests, and his counsel will fairly and adequately protect the interests of the Class.

6.    The Class satisfies Fed. R. Civ. P. 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among individual Class members.  Resolution of this case as a class action is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class members, particularly those who lack the resources or incentives to bring their claims individually.

7.    For settlement purposes, the court certifies the following class for an FLSA collective action pursuant to 29 U.S.C. § 216(b):

> All persons who were employed as delivery drivers by Madison's Dough Boys, Inc. d/b/a Glass Nickel Pizza Co., at its Atwood Avenue location, at any time between October 26, 2013, and July 3, 2016.

8.    This class of delivery drivers meets the requirements for establishing certification of an FLSA collective action under 29 U.S.C. § 216(b) because the members of the class as defined are similarly situated employees.

## III.  Appointment of Plaintiff's Counsel as Class Counsel and the Named Plaintiff as Class Representative.

9.    The court appoints Hawks Quindel, S.C., as class counsel because:

    (a) it meets all of the requirements of Fed. R. Civ. P. 23(g);

(b) it did substantial work identifying, investigating, prosecuting, and settling the Class members' claims;

(c) its attorneys have substantial experience prosecuting and settling employment class actions, including wage-and-hour class actions, and are well-versed in class action and wage-and-hour law;

(d) it has been found adequate as counsel in employment law class actions in the past in both the Western and Eastern Districts of Wisconsin; and

(e) the work that class counsel has performed in litigating and settling this case demonstrates its commitment to the Class and to representing the interests of its members.

10.    The court appoints plaintiff Chad Rodgers-Coxhead as the Class representative.

## IV.  Class Notice and Settlement Procedure

11.    With the slight change in grammar to the class definitions as set forth at ¶¶ 4 and 7 above, the court approves the proposed Notice of Class Action Settlement attached as Appendix B to the parties' Settlement Agreement (dkt. #16-1), and it directs the distribution of the Notice as set forth below.

12.    The Notice satisfies each of the requirements of Fed. R. Civ. P. 23(c)(2)(B), and it gives the Class members adequate notice of the proposed settlement.

13.    The court approves the following settlement procedure and timeline:

a) no later than August 25, 2017, Class counsel will mail the Notice of Settlement to the class members;

b) Class members will have 45 days from the date of the mailing to review the terms of the Notice and submit a request to be excluded or any objections;

c) no later than October 6, 2017, class counsel shall file a petition for reasonable attorneys' fees and costs not to exceed $66,666.67;

d) any supplemental briefing on the parties' motion for final approval of the settlement and any objective to class counsel's fee petition are due on or before November 22, 2017; and

e) the court will hold a fairness hearing on November 30, 2017 at 1:00 p.m.

Entered this 7th day of August, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge