IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD ROGERS-COXHEAD, individually and
on behalf of all those similarly situated,

        Plaintiff,               OPINION AND ORDER

v.

                                            16-cv-706-wmc

GLASS NICKEL PIZZA CO. d/b/a MADISON'S
DOUGH BOYS, INC.,

        Defendant.

---

Pursuant to an unopposed motion, plaintiff Chad Rogers-Coxhead seeks final approval of a settlement of this hybrid action, which alleges wage and hour violations (1) as collective actions under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and (2) as a class action pursuant to Federal Rule of Civil Procedure 23 under the wage and hour laws of Wisconsin. (Dkt. #40.) For the reasons that follow, as well as those set forth in the court's opinion and order granting preliminary approval of this settlement (dkt. #21), the court will give final approval of the settlement terms and approve the request for attorneys' fees and costs, although modifying the requested enhancement payment to the plaintiff downward by $2,500. [1]

A. Settlement

Based on today's fairness hearing, plaintiff's written submissions, the fact that only one class member excluded himself or herself from the settlement and that no class

---

[1] The court corrects one typographical error in its preliminary approval order. The correct date range for the Rule 23 class should have read "between October 26, 2014, and July 3, 2016."

members objected, and that slightly over half of the class members opted into the FLSA class, as well as the record in this case as a whole, the court concludes that the parties' settlement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e) and that the settlement represents a fair and reasonable resolution of a bona fide dispute of FLSA provisions.

### B. Enhancement Payment

The settlement agreement also contemplates an enhancement payment of $10,000 to the named plaintiff. Class counsel represents that Rogers-Coxhead responded to written discovery, provided information to class counsel and attended mediation, all of which proved valuable to the resolution of this matter. Without diminishing Rogers-Coxhead's role, a $10,000 enhancement fee strikes the court as excessive in light of the limited period of time of this lawsuit and the fact that Rogers-Coxhead's involvement stopped short of having to be deposed. Even if the court were to account for Rogers-Coxhead's represented sacrifice of a personal claim - - which is problematic as a representative of the class - - the amount is high relative to others approved by this court at a relatively early stage. Accordingly, in the court's review, an award of $7,500 appears to be more consistent with similar FLSA/Rule 23 hybrid claims that have settled relatively early. *See, e.g., Hoffmaster v. Coating Place, Inc.*, No. 16-cv-258-wmc (W.D. Wis. May 11, 2017) (approving $3,000 enhancement payment to named plaintiff); *Dexter v. Ministry Health Care*, No. 14-cv-87-wmc (W.D. Wis. June 16, 2015) (approving $5,000 enhancement payments to each class representative); *Berndt v. Cleary Building Corp.*, No. 11-cv-791-wmc (W.D. Wis. Dec. 4.,

2013) (approving enhancement payments ranging from $1000 to $5000 for named plaintiffs). Accordingly, the court will reduce the enhancement payment to $7,500.

### C. Attorneys' fees

Also before the court is class counsel's petition for attorneys' fees and costs, which will be approved. (Dkt. #36.) The named plaintiff originally agreed to a 33% contingency fee plus costs in this case, but that is not controlling.[2] Indeed, after adjustments, class counsel seeks approximately 30% of the claimed settlement fund -- $56,129.55. As class counsel explains, of the available Rule 23 fund, $81,853.54 of the allotted $82,222.22 was claimed, reflecting the exclusion of one class member. Of the available FLSA fund, $30,405.56 of the allotted $41,111.11 was claimed, accounting for the roughly 27 individuals who did not opt-in. Class counsel then re-allocated the difference between the maximum possible attorney's fee award of $66,666.66 (assuming a 100% participation in both the class action and the collective action) and that requested here to the Rule 23 class members on a pro rata basis. When that difference of approximately $10,500 is reallocated to the class, along with the difference in enhanced fees of $2,500, the attorneys' fee request represents slightly less than the 30% of the total recovery. While entitled to an award, class counsel also does not seek any additional amount for reimbursement of incurred costs, which here amounted to $500.95. (Dkt. ## 44, ¶ 2, 44-1, p. 5.)

---

[2] As the court has repeatedly reiterated, if class counsel wanted more certainty as to the enforceability of class action fee agreements before incurring substantial costs and fees, the solution is to seek approval of a fee schedule early in the case. *See Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013).

Plaintiff argues that the fee award is appropriate here in light of the market rate for similar FLSA/ Rule 23 hybrid class actions and the substantial risk involved in class counsel's involvement in this lawsuit. Market rates are within the 30% to 40% range. As for the degree of risk, because this case is at an early stage, the court has not had an opportunity to consider the merits of plaintiff's claims. The thrust of plaintiff's claim is that defendant's policy requiring delivery drivers, paid at an hourly rate below the minimum wage, to share tips with dishwashers violated the FLSA and Wisconsin state law. As best as the court can discern, however, it appears that any FLSA or state law claim based on a tip sharing policy would necessarily depend on a showing that the tip-sharing requirement reduced the delivery drivers' pay below the minimum wage. *See Hughes v. Scarlett's G.P., Inc.*, No. 15-CV-5546, 2016 WL 454348, at *6 (N.D. Ill. Feb. 5, 2016) ("The Court is not aware, however, of any authority sustaining a standalone private cause of action for an alleged tip sharing violation under the FLSA, untethered to an alleged minimum wage or maximum hour violation."). Given this uncertainty, the court agrees with class counsel that the decision to represent plaintiff in a putative class action carried not insignificant risk.

In their original submission, class counsel did not discuss its actual hourly billing records or attach those records to its request. In response to the court's order requiring disclosure of these records, counsel's records show $33,712.50. While this amount suggests a smaller award may be appropriate, the court is convinced that an award reflecting approximately 30% of the claimed settlement amount is reasonable in light of (1) class counsel's efforts in evaluating the claims' merits, initiating suit, engaging in discovery and

4

preparing for and participating in mediation of this lawsuit, including review of time records, sufficient to bring this case to an early resolution; (2) the factual and legal uncertainties that remain with respect to plaintiff's claims; (3) market rates; (4) fee awards for similar hybrid FLSA and Rule 23 class actions in this district; and (5) a resolution of the entire case in the best interest of the class members, none of whom have objected to the fee request. Accordingly, the court will award attorneys' fees in the total amount of $56,129.55.

ORDER

IT IS ORDERED that:

1) Plaintiff's unopposed motion for final approval of the settlement agreement (dkt. #40) is GRANTED and the parties are directed to carry out its terms and provisions.

2) An enhancement payment of $7,500 to named plaintiff Chad Rogers-Coxhead is APPROVED.

3) Class counsel's petition for costs and attorneys' fees (dkt. #36) is GRANTED in the requested amount of $56,129.55.

4) After re-allocation of the $2,500 from the reduced enhancement payment on a pro-rata basis, settlement payments described in Exhibit B to the Declaration of David C. Zoeller (dkt. #42-2) are APPROVED.

5) This action is dismissed with prejudice, barring and permanently enjoining, named plaintiffs and all class members from pursuing any claims that were released against defendant.

6) The court expressly retains jurisdiction to enforce the terms of settlement. The clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 13th day of November, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge